IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE WILLIAMS,

       Plaintiff,                    No. 2:11-cv-0069 MCE JFM (PC)

    vs.

M. MURRAY, et al.,

       Defendants.           <u>ORDER</u>

                               /

          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

          Title 28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees.  However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

1

The plain language of the § 1915(g) provides that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three).  See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir.1999).  Court records indicate that plaintiff has filed no less than three civil rights actions which were dismissed for failure to state a claim prior to the filing of this complaint.[1]  See Williams v. Guzman, 2011 WL 1047968, *2 (E.D. Cal. 2011) (discussing plaintiff's status as a three-strike litigant).[2]

"Under the PLRA,[3] prisoners who have three complaints dismissed under section 1915(e)(2) are barred from filing additional in forma pauperis complaints unless they are 'under imminent danger of serious physical injury.'" 28 U.S.C. § 1915(g).  Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).  To meet the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger" at the time of filing the complaint.  Andrews v. Cervantes, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

Plaintiff alleges he is being poisoned by correctional staff.[4]  Plaintiff seeks money damages only.  Although plaintiff's allegations concern a medical condition, plaintiff does not demonstrate that at the time of filing of his complaint, he was "under imminent danger of serious physical injury."  The fact that plaintiff seeks money damages only as a form of relief belies any representation that he might be under imminent danger.

---

[1] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

[2] On page 1 of the complaint, plaintiff alleges that he has filed only four lawsuits while a prisoner.  This is clearly erroneous.  Court records indicate that plaintiff has filed well over thirty lawsuits while incarcerated.

[3] Prison Litigation Reform Act of 1995 (PLRA), effective April 26, 1996.

[4] Plaintiff does not identify the institution where he is housed.  However, based on plaintiff's assertion that he is residing in Represa, CA, it appears that he is currently being housed at Folsom State Prison.

1 |       Plaintiff will be directed to submit the entire filing fee of $350.00 within twenty-one days as he is barred from proceeding in this action in forma pauperis under the three strikes provision of § 1915(g).  Plaintiff is cautioned that failure to comply with this order will result in a recommendation that this action be dismissed.

      Accordingly, IT IS ORDERED that:

      1.  Within twenty-one days, plaintiff shall submit the entire filing fee of $350.00; and

      2.  Failure to comply with this order will result in a recommendation that this action be dismissed.

DATED: April 7, 2011.

                                                        UNITED STATES MAGISTRATE JUDGE

/014;will0069.jo