IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE WILLIAMS,

        Plaintiff,                        No. 2:11-cv-0069 MCE JFM (PC)

    vs.

M. MURRAY, et al.,

        Defendants.              ORDER

                                    /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original complaint on January 7, 2011. On April 8, 2011, the undersigned issued an order finding plaintiff ineligible to proceed in forma pauperis pursuant to 28 U.S.C. 1915(g) and requiring plaintiff to pay the $350.00 filing fee for this action within thirty days. On April 18, 2011, plaintiff filed a request for the court to reconsider its order.

DISCUSSION

        Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). The Local Rules provide that when filing a motion for reconsideration, a party show that the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

        Plaintiff requests reconsideration of the court's April 8, 2011 order finding him ineligible to proceed in forma pauperis under 28 U.S.C. § 1915(g). Plaintiff argues that he is

1

eligible to proceed in forma pauperis because at the time he filed the complaint for this action, he was under imminent danger of serious physical injury.

Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

The court has found that plaintiff has had three or more actions dismissed as frivolous, as malicious, or for failing to state a claim upon which relief may be granted. The court also found that plaintiff was not under imminent danger at the time he filed the complaint. However, plaintiff argues that at the time he filed the complaint, he was under imminent danger because he was being deliberately poisoned with arsenic by correctional officers. The court has re-reviewed the original complaint. The court has also reviewed two unrelated cases currently pending before the undersigned[1] (2:10-cv-3408-MCE-JFM and 2:11-cv-1095-KJM-JFM), as well as multiple cases filed by plaintiff since 2006 (see, e.g., 1:06-cv-1408-AWI-SMS). In all of these cases, plaintiff alleges that prison officials have been and continue to poison him with arsenic.

Following examination of more than ten complaints filed by plaintiff in which he sets forth similar, if not identical, allegations[2], the undersigned finds that plaintiff does not qualify for the imminent danger exception under 28 U.S.C. § 1915(g). "Prisoners qualify for

---

[1] A court " 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002)); see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

[2] In addition to this case and the three cases previously cited, plaintiff alleges arsenic poisoning in, inter alia, the following cases filed in this district: 2:06-cv-1167-GEB-JFM; 1:07-cv-0263-AWI-MWM; 1:07-cv-0298-LJO-SMS; 1:07-cv-0405-OWW-DLB; 1:09-cv-01882-LJO-GSA; 1:10-cv-00952-LJO -DLB; and 2:11-cv-00426-GEB-EFB.

[this] exception based on the alleged conditions at the time the complaint was filed. And qualifying prisoners can file their entire complaint IFP; the exception does not operate on a claim-by-claim basis or apply to only certain types of relief." Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). However, "the exception applies if the complaint makes a *plausible* allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Id. at 1055 (emphasis added); see also In re Gonzales, 2008 WL 666465 (N.D. Cal. 2008). Here, plaintiff has been alleging arsenic poisoning since 2006. The plausibility of his claim is belied by the fact that he remains alive despite arsenic poisoning for over five years by over thirty prison officials.

The court concludes that plaintiff did not fit within the exception for an inmate under imminent danger of serious physical injury at the time he filed this complaint. Section 1915(g) applies and bars in forma pauperis status for plaintiff in this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for reconsideration is denied;

2. Plaintiff shall pay the $350 filing fee in full within thirty days from the date of this order or face a recommendation that this action be dismissed for failure to pay the filing fee.

DATED: June 9, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;will0069.recons.dn

3